WILLIAM CANDEE, RESPONDENT, *v.* ASEL F. WILCOX AND GEORGE WILCOX, APPELLANTS.

*Action to procure injunction — undertaking, unusual in its terms, given in it — validity of such undertaking — when not invalid as taken colore officii.*

APPEAL from a judgment in favor of the plaintiff, entered upon the decision of the court at the Onondaga Circuit, in a case tried by the court without a jury.

The judgment appealed from was recovered upon an undertaking executed by the appellants, as sureties for the widow and children of Enos Burke, upon an injunction issued in an equity action in which such widow and children were plaintiffs and this plaintiff was defendant. The appellants contend that the undertaking is void, or if held valid, that there has been no breach of its conditions, and the suit is premature.

The object of the action brought by the widow and heirs of Enos Burke against the plaintiff herein was to have certain conveyances, which had been executed by Burke to Candee, adjudged to be mortgages, and to redeem. At the commencement of the action the plaintiffs therein obtained a temporary injunction order restraining Candee from taking any proceedings to dispossess the said plaintiffs. Candee moved to vacate the injunction order, before

the judge who granted it, and the motion resulted in a modification of the order, so as to allow Candee to bring an action at law to recover the premises mentioned in the complaint in that action, the order as so modified to stand, provided that the plaintiffs therein should give Candee an undertaking in their action for the payment of the defendant's costs, adjudged against the plaintiffs in that action, or in the action at law in which the right to said premises and the possession should be tried and determined, and the value of the use and occupation of said premises from 1st April, 1870, during the pendency of said action, in which such trial and determination should be had, and against the commission of waste ; but in case of plaintiff's failure to give said undertaking, then the said injunction to be dissolved. The undertaking in suit was given in pursuance of such order and in compliance with its terms. The injunction order, as modified, remained in full force until the final determination of the action in which it was granted, when it became inoperative, the defendant therein having obtained judgment therein in his favor. The recovery in this action is for the value of the use and occupation of the premises, from the date of the injunction order to the final determination of the action, with interest thereon.

The court at General Term said : " The order, in pursuance of which the undertaking was given, is evidence that, in the judgment of the officer who granted it, the plaintiffs in that. action were not entitled to retain the injunction as matter of right, and that in the exercise of his discretion he allowed them to retain it in its modified form, only on condition of their giving an undertaking as therein provided. There was nothing unlawful in the terms of the undertaking thus required ; and the plaintiffs in that action having voluntarily procured it to be given, and having thus availed themselves of the favor granted them by the decision of the judge, neither they nor their sureties can now object to the validity of the undertaking. (*The Matter of the Waverly Water Works Company*, 85 N. Y., 478 ; *Brownell* v. *Ruckman*, Id., 648 ; *Decker* v. *Judson*, 16 id., 449.) There is nothing in the conditions of the undertaking which would have been invalid at common law ; and the circumstances that it was given by the plaintiffs in the action to avail themselves of a favor granted by the order, to which they would

not have been entitled otherwise, distinguishes the case from those cited by appellants' counsel, in which bonds were held void as taken *colore officii*, or else bonds taken under a statutory power only, were treated as invalid because they did not comply with the statute.

" The objection that the suit is premature is of no force. It was adjudged in the equity suit, before this action was brought, that Candee was entitled to the premises and the possession thereof, and that adjudication satisfied the proviso in the bond."

*George D. Cowles*, for the appellants.

*William C. Ruger* and *Louis Marshall*, for the respondent.

Opinion by SMITH, P. J.; HAIGHT, J., concurred; HARDIN, J., not sitting.

Judgment affirmed.